United States District Court
Southern District of Texas
**ENTERED**
March 14, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PLAINSCAPITAL BANK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-00729 |
| | § | |
| PABLO FRANCISCO ANAYA-GOMEZ, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION & ORER**

The Court now considers PlainsCapitol Bank's ("Plaintiff") motion for default judgment[1] and supplemental briefing.[2] After duly considering the record and authorities, the Court **GRANTS** the motion.

### I. BACKGROUND

On December 31, 2010, Defendants "each executed a promissory note in the original principle sum of $530,935.00, payable to First National Bank . . . ."[3] This note was secured by a deed of trust in real property.[4] Plaintiff became a successor in interest to First National Bank as of September 13, 2013, and thus has an interest in the aforementioned note and the deed of trust.[5] Defendants defaulted on the note, triggering foreclosure on the real property listed in the deed of trust.[6] After sale of the property, and as of February 17, 2017, there existed a deficiency of $283,840.41, with interest accruing thereafter at a rate of 5.75% per annum.[7]

---

[1] Dkt. No. 38.
[2] Dkt. Nos. 40 & 42.
[3] Dkt. No. 38 at p. 2.
[4] *Id.*
[5] *Id.*
[6] *Id.* at p. 3.
[7] Dkt. No. 40-3 p. 1.

Moreover, Villas Vianto, LLC "executed a promissory note in the original principle sum of $919,720.00 payable to First National Bank . . . ."[8] This second note was also secured by a deed of trust in real property.[9] As noted, Plaintiff became a successor in interest to First National Bank as of September 13, 2013, and thus has an interest in this second promissory note and the deed of trust.[10] Defendants executed a guaranty agreement, securing the second note, "whereby the Defendants, in their separate and individual capacities, each agree[d] to pay all indebtedness Villas Vianto, LLC owed under Note No. 2."[11] Villas Vianto, LLC defaulted on the second note, triggering foreclosure on the real property listed in the second deed of trust.[12] After sale of the property, and as of February 17, 2017, a deficiency of $431,464.83 remained, with interest accruing thereafter at a rate of 5.75% per annum.[13]

Plaintiff filed suit in federal court on August 11, 2014,[14] alleging breach of the guaranty agreement, and also "suit to enforce Note No. 1."[15] The case was originally assigned to Judge Ricardo Hinojosa, who recused himself on April 27, 2015,[16] and was also substantially delayed because Plaintiff had great difficulty serving Defendants. Plaintiff's original counsel failed to serve summons upon the Defendants.[17] Plaintiff acquired new counsel, and service was again attempted in Texas, albeit unsuccessfully.[18] The process agent was told that Defendants had

---

[8] *Id.* at p. 4.
[9] Dkt. No. 38 at p. 4.
[10] Dkt. No. 38 at p. 4.
[11] *Id.*
[12] *Id.* at p. 5.
[13] Dkt. No. 40-1 at p. 3.
[14] Dkt. No. 1.
[15] Dkt. No. 7 at p. 6.
[16] Dkt. No. 10.
[17] Dkt. No. 13 at p. 2.
[18] *Id.*

relocated to Mexico, and had not lived in the United States for years.[19] Consequently, Plaintiff attempted service upon Defendants in Mexico under the Hague Convention.[20]

Service upon Defendant Lara was ultimately unsuccessful, so Plaintiff filed a notice of dismissal (without prejudice) of Defendant Lara on August 17, 2015.[21] However, service ultimately was successful upon remaining Defendants Gomez[22] and Guerrero[23] ("Defendants"). Plaintiff moved for entry of default against Defendants on November 16, 2015,[24] and on January 7, 2016, the Court ordered the Clerk of Court to enter the same.[25] The Clerk of Court entered default on January 8, 2016.[26] On July 11, 2016, Plaintiff notified the Court that it intended to move for default judgment on or before July 15, 2016.[27]

Plaintiff filed its motion for default judgment on July 14, 2016,[28] but the Court provisionally denied the motion because it lacked sufficient evidentiary support and clarity regarding the requested interest figure.[29] Plaintiff supplemented its motion on February 17, 2017 to address this deficiency.[30] Even so, Plaintiff's motion failed to specify hours billed by each legal professional involved, thus making it impossible for the Court to calculate reasonable attorney's fees using the Lodestar method.[31] Plaintiff supplemented its motion once more on

---

[19] *Id.*
[20] Dkt. No. 22 at p. 2.
[21] Dkt. No. 23.
[22] Dkt. No. 24.
[23] Dkt. No. 25.
[24] Dkt. No. 30.
[25] Dkt. No. 32.
[26] Dkt. Nos. 33 & 34.
[27] Dkt. No. 37.
[28] Dkt. No. 38.
[29] Dkt. No. 39.
[30] Dkt. No. 40.
[31] *See* Dkt. No. 40-8 p. 3.

March 8, 2017, withdrawing its request for attorney's fees and costs.[32] Defendants have not responded. The Court now turns to Plaintiff's amended motion for default judgment.

## II.   LEGAL STANDARD

Default judgment is governed by Federal Rule of Civil Procedure 55. The applicable procedure and nomenclature regarding Rule 55 was set forth by the Fifth Circuit as follows:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.[33]

Generally, by defaulting, a defendant admits Plaintiff's well-pleaded allegations of fact and "is concluded on those facts by the judgment."[34] "Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default."[35] To be clear, default only establishes liability; Plaintiff must still prove the amount of damages.[36] Although the Fifth Circuit often requires district courts to hold evidentiary hearings on the damages inquiry,[37] a district court may rely on detailed affidavits establishing the necessary facts, particularly when "the amount claimed is a liquidated sum or one capable of mathematical calculation."[38]

## III.   APPLICATION

Plaintiff is entitled to recover from Defendants because Plaintiff's well-pleaded allegations satisfy the elements of Plaintiff's claims against Defendants.

---

[32] Dkt. No. 42. p. 1. ("[Plaintiff] gives the Court notice that it withdraws its request for judgment, as to its attorneys' fees and cost, and requests the Court enter final default judgment against the Defendants.").
[33] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original).
[34] *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir.2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).
[35] *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992).
[36] *See United States for Use of M–CO Const. v. Shipco General,* 814 F.2d 1011, 1014 (5th Cir.1987).
[37] *Frame*, 967 F.2d at 204.
[38] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted).

A. *Recovery under the first promissory note*

To recover on a promissory note, a plaintiff must establish: "(1) the existence of the note in question; (2) that the party sued signed the note; (3) that the plaintiff is the owner or holder of the note; and (4) that a certain balance is due and owing on the note."[39] Here, each element is satisfied.

The existence of the first promissory note is evinced by Plaintiff's attachment of the note to its motion.[40] The last page of this note shows Defendants' signatures.[41] Plaintiff pleads that it is the legal owner of the first note, stating: "Plaintiff PlainsCapital is successor in interest to certain assets of First National Bank . . . and as such, is owner and holder of Note No. 1 . . . and is entitled to enforce Note No. 1 and all loan documents related to Note No. 1."[42] Finally, Plaintiff properly pled, and the evidence shows,[43] that Defendants owed a balance under the first note: "After application of all lawful payments and offsets, and credits from the foreclosure sale, there remains due and owing under Note No. 1 the amount of $283,840.41 as of February 17, 2017, with interest accruing thereafter at the contract, non[-]default rate of 5.75% per annum until the date of judgment."[44] In sum, the essential elements for recovery under the first note are met.

---

[39] *SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 238 (5th Cir. 1999); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (ignoring the existence-of-a-note element); *United States v. Barron*, 3:12-CV-1182-B, 2013 WL 3778818, at *2 (N.D. Tex. July 19, 2013) (again ignoring the existence element); *Compass Bank v. Villages of Northpointe-W., L.P.*, 4:10-CV-1938, 2011 WL 3235678, at *4 (S.D. Tex. July 27, 2011) (citing *Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, 522 (Tex.App.-Dallas 1994, no pet.)); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.) (citing *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.-Houston [1st Dist.] 1983, writ dism'd); accord *Tidwell v. Empire Mortg. Ltd. P'ship*, No. 05–97–01385–CV, 1999 WL 1012952, at *1 (Tex. App.-Dallas Nov. 8, 1999, no pet.) (not designated for publication)).
[40] Dkt. No. 40-3.
[41] *Id*. p. 3.
[42] Dkt. No. 40. p. 3.
[43] Dkt. No. 38-1 p. 2.
[44] Dkt. No. 40 p. 4.

B.  *Recovery under the second promissory note*

To recover from a guarantor on a promissory note, the plaintiff must establish: "(1) that the note and the guaranty agreement exist and are valid, (2) that the [plaintiff] is the present holder or owner of the note, (3) that [the principal] defaulted on the note, and (4) that [the defendant] is liable under the guaranty agreement."[45] Each element is satisfied here.

The second promissory note and the guaranty agreement exist, as shown by exhibits E[46] and G[47] of Plaintiff's motion. Both appear on their face to be valid, and the Court has no reason to believe otherwise. Plaintiff pleads that it is the present owner and holder of the second promissory note stating: "Plaintiff PlainsCapital is successor in interest to certain assets of First National Bank, Edinburg, Texas, pursuant to a Purchase and Assumption Agreement, effective as of September 13, 2013, by and between PlainsCapital Bank and the Federal Deposit Insurance Corporation, as Receiver of First National Bank, Edinburg, Texas and as such, is owner and holder of Note No. 2 . . . ."[48] Villas Vianto, LLC in this instance defaulted on the second note: "Default occurred in payment of Note No. 2 . . . ."[49] Lastly, Defendants, as guarantors are liable under the guaranty agreement, as evinced by their signatures on the guaranty agreement.[50] In sum, the Court finds that Plaintiff is entitled as a matter of law to recover from Defendants under the first and second promissory notes.

C.  *Damages*

The damages in question are liquidated and thus capable of mathematical calculation. Thus, there is no need for a hearing. With regard to Note 1, the evidence establishes that

---

[45] *Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 276 (5th Cir. 1991).
[46] Dkt. No. 40-5.
[47] Dkt. No. 40-7.
[48] Dkt. No. 40 p. 1.
[49] *Id.*
[50] Dkt. No. 40-7 pp. 4 & 6.

Defendants owe Plaintiff $283,840.41, plus interest of 5.75% per annum accruing from February 17, 2017 until the date of this judgment.[51] With regard to Note 2 and the guarantee agreement, the evidence establishes that Defendants owe Plaintiff $431,464.83 as of February 17, 2017,[52] plus interest of 5.75% per annum accruing from February 17, 2017 until the date of this judgment.[53] Plaintiff has withdrawn its request for attorney's fees and costs.[54] Post-judgment interest will be assessed at 0.91%.[55]

## IV.    HOLDING

Plaintiff's motion is **GRANTED**. A separate final judgment is issued herewith.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of March, 2017.

_____
Micaela Alvarez
United States District Judge

---

[51] Dkt. No. 40-1 p. 2 ¶ 10; see also Dkt. No. 40-3 p. 1. (Note 1 contract stating interest rate is 5.75% of unpaid principle per annum).
[52] Dkt. No. 40-1 p. 3.
[53] Dkt. No. 40-5 p. 1.
[54] Dkt. No. 42 p. 2. ("[Plaintiff] hereby withdraws its request in the Amended Motion for entry of judgment as to its attorneys' fees and costs.").
[55] *See* http://www.txs.uscourts.gov/page/post-judgment-interest-rates.